JOHNSON, Chief Justice,
dissents and assigns reasons.
hi respectfully dissent. Under the facts as presented here, the appellate court correctly ruled that plaintiffs have pled a cause of action to rescind sale of the mineral lease. In my view, plaintiffs properly raised the issue of fraud which would defeat the exception of no cause of action, and allow for further discovery and examination of the evidence surrounding this transaction. .
While the Mineral Code does not recognize a fiduciary duty owed by a lessee, Mineral Code article 122 does impose a duty to act as a reasonably prudent operator for the parties’ mutual benefit. As correctly noted by the court of appeal,
The good faith duty of Article 122 is more than just the general good faith duty of performance in contract. The *266 duty of the reasonably prudent operator entails certain demands upon the lessee for the use of its geological and technical understanding .of the leased premises for the continuing exercise of its lease rights “for the mutual advantage and.profit of both parties” to the lease. As with all real right burdens on Louisiana property, this duty of the reasonably prudent operator requires ongoing developmental use of the lease. Otherwise, as expressed in the jurisprudence, “give up the contract.” (Emphasis added)
McCarthy v. Evolution Petroleum Corp., 49,301 (La.App. 2 Cir. 10/15/14), 151 So.3d 148, 158 (internal citations removed). Evolution contracted to act for the mutual benefit of itself and the land owners. Evolution was under the duty to begin ^reasonable development of the proven reserves of the Delhi Unit for the parties’ mutual benefit. By failing to disclose the Denbury project, Evolution allowed delayed development and operations- under the lease in bad faith for its exclusive interests, amounting to a passive breach of its performance obligations under the lease.